United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mt. Hawley Insurance Company, <br> Plaintiff <br><br> v. <br><br> Aquasol Condominium Association, Inc., and Lucrezzia Davidson, Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 18-24692-Civ-Scola <br> ) <br> ) <br> ) <br> ) <br> ) |

**Order on Plaintiff's Motion for Summary Judgment**

This matter is before the Court on Plaintiff Mt. Hawley Insurance Company's ("Mt. Hawley") motion for summary judgment. (ECF No. 29.) In its motion, Mt. Hawley contends that it has no duty to defend Defendant Aquasol Condominium Association, Inc. ("Aquasol") in a breach of contract and negligence claim brought by a condo owner, Defendant Lucrezia Davidson ("Davidson"), against Aquasol. Mt. Hawley maintains that the following three exclusion provisions in the insurance policy ("the Policy"), purchased by Aquasol, relieve Mt. Hawley of any duty to defend: (1) the Association Members Cross Liability Exclusion; (2) the Breach of Contract Exclusion; and (3) Mold, Mildew, Fungus, or Bacteria Exclusion. The Court finds that Mt. Hawley does not have a duty to defend Aquasol based on the Association Members Cross Liability Exclusion ("the Cross Liability Exclusion"), therefore, the other two exclusions—and any arguments pertaining to them—will not be addressed by the Court. Upon review of the record, the parties' briefs, and the relevant legal authorities, the Court **grants** the Plaintiff's motion for summary judgment (**ECF No. 29**).

I. **Background**

Mt. Hawley seeks declaratory judgment on the issue of whether it has a duty to defend and a duty to indemnify Aquasol in an underlying state court action. (First Amended Complaint, ECF No. 23.) In the underlying Florida state court lawsuit, Davidson, a condominium unit owner at Aquasol, sued Aquasol under breach of contract and negligence theories for alleged damages sustained in the aftermath of Hurricane Irma. (*Id.* at ¶ 13.) Davidson has been the owner of Unit 14D at Aquasol since April of 2013. (*Id.* at ¶ 4.)

Mt. Hawley issued a Commercial General Liability ("CGL") insurance policy to Aquasol, effective for the policy period from June 10, 2017 through June 10,

2018. (*Id.* at ¶ 9.) The Policy includes Endorsement CGL 472 (02/16), Association Members Cross Liability Exclusion, which provides in pertinent part:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> This insurance does not apply to "property damage" or "personal and advertising injury" for any claim or "suit" made by or brought on behalf of an "association member" against any Insured including, but not limited to any "employee" or "executive officer" of the Named Insured or any other "association member."
>
> For purpose of this endorsement, "association member" means an owner or member of the homeowners or condominium owners association identified on the Declarations as the Named Insured.

(*Id.*) On or about April 27, 2018, Davidson, through legal counsel, advised Aquasol in writing that Davidson was making demand upon Aquasol for damages. (*Id.* at ¶ 13.) Specifically, Davidson asserted that her property sustained damage due to Hurricane Irma, Davidson notified Aquasol of the damage, Aquasol retained companies to fix the damage, and these companies damaged Davidson's property and failed to remediate mold. (*Id.*)

On or about May 30, 2018, Aquasol, through its representative, submitted a General Liability Notice of Occurrence/Claim to Mt. Hawley, along with the Davidson claim notice, seeking insurance coverage from Mt. Hawley for Davidson's claimed loss. (*Id.* at ¶ 15.) Subsequently, on June 7, 2018, Davidson filed a lawsuit against Aquasol, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Civil Division, Case No. 18-19432 CA 01 (the "Davidson lawsuit"). (*Id.* at ¶ 17.) After the Davidson lawsuit was filed, Aquasol made demand of Mt. Hawley for defense and indemnification of the matter. (*Id.* at ¶ 18.)

Mt. Hawley maintains that there is no duty to defend or to indemnify Aquasol under the Policy because Davidson's claims are excluded by Endorsement CGL 472 (02/16), the Association Members Cross Liability Exclusion; Endorsement CGL 365 (10/15), the Mold, Mildew, Fungus or Bacteria Exclusion; Endorsement CGL 350 (08/09), the Breach of Contract Exclusion; and/or Endorsement CGL 366(02/05), the Continuous or Progressive Injury and Damage Exclusion. Defendants maintain that there is a duty to defend, a duty

to indemnify, and coverage for the Defendants under the subject insurance policy notwithstanding the referenced policy endorsements.

## II. <u>Legal Standard</u>

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. In reviewing a motion for summary judgment, the Court must "view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1143 (11th Cir. 2007)). So, when a conflict arises between the facts presented by the parties, the Court must credit the nonmoving party's version. *Id.* The moving party bears the burden of proof to demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

## III. <u>Analysis</u>

### A. Duty To Defend

Mt. Hawley argues that the Cross Liability Exclusion within the Policy is unambiguous and clearly precludes any coverage for the underlying Davidson suit. In response, Aquasol claims that the title of the provision, "Association Member Cross Liability Exclusion," creates ambiguity and indicates that the endorsement eliminates coverage for claims brought by one insured against another, rather than a lawsuit brought by a condominium owner. The Court disagrees with Aquasol's use of the title to create ambiguity within the provision where none exists.

Under Florida law, the "duty to defend is determined by examining the allegations in the underlying complaint filed against the insured. An insurer has a duty to defend the insured when the alleged acts of the underlying complaint fairly and potentially bring the suit within coverage." *Canopius Corp. Capital Two Ltd. v. BKH Corp. of Ft. Pierce, et al.*, No. 12-14207, 2013 WL 12095521, at *2 (S.D. Fla. Feb. 14, 2013) (Moore, J.) (internal citations and quotations omitted). "There is no duty to defend if there is no doubt that the allegations of the complaint do not fall within the policy's coverage." *Doe v. Hudson Speciality Ins. Co.*, 719 F. App'x 951, 953 (11th Cir. 2018). Additionally, the Florida Supreme Court has consistently held that insurance contracts must be construed according to the plain language of the policy. *See, e.g., Swire Pac. Holdings, Inc.*

*v. Zurich Ins. Co.*, 845 So. 2d 161, 165 (Fla. 2003); *Siegle v. Progressive Consumers Ins. Co.*, 819 So. 2d 732, 735 (Fla. 2002); *Prudential Prop. & Cas. Ins. Co. v. Swindal,* 622 So. 2d 467, 470 (Fla. 1993). "When an insurance contract is not ambiguous, it must be given effect as written." *Siegle*, 819 So. 2d at 735.

There is no ambiguity in the policy provision here. The Cross Liability Exclusion clearly states that "any claim or suit made by or brought on behalf of an 'association member' against any Insured. . ." is not covered by the policy. (ECF No. 29 at 6.) An "association member" is defined as "an owner or member of the homeowners or condominium owners association." (*Id.*) Davidson is an owner and member of the condominium association because of her ownership at Aquasol. (*Id.* at n. 1.) The underlying property damage lawsuit was brought by Davidson, an owner, against the insured, Aquasol. Aquasol's sole argument is that the title of the provisions creates ambiguity. Aquasol reasons that "cross liability exclusion" is a term of art in the insurance and legal community referring to an endorsement which precludes one insured party from suing another insured party when both parties are under the same policy. (ECF No. 43 at 5.) According to Aquasol, this does not apply to Davidson's lawsuit.

Under Florida law, however, a title cannot be used to create ambiguity where none exists. The title or caption is looked to only when there is ambiguity in the provision itself. *Winter Garden Ornamental Nursery, Inc. v. Cappleman*, 201 So. 2d 479, 480 (Fla. 4th D.C.A. 1967) (holding that the policy language was unambiguous and the plaintiff's contention that the provision became ambiguous when read in tandem with the title was "refuted by the general rule which, while allowing resort to a caption to explain an ambiguity in the operative part of the clause, does not permit use of a caption to create ambiguity where none exists.") (citations omitted). *See also Those Certain Underwriters at Lloyd's, London v. GMC Land Services Inc.,* No. 06-60325, 2007 WL 9698312, at *5 (S.D. Fla. Nov. 8, 2007) (Dimitrouleas, J.) (holding that *Winter Garden* is binding and "thus [the court] does not look to the title of the provision [ ] to create ambiguity."), *aff'd* , 315 F. App'x 785 (11th Cir. 2009). Accordingly, because there is no genuine issue of material fact that the underlying complaint is by an association member against an insured, and the Court finds there is no ambiguity in the Cross Liability Exclusion, Mt. Hawley has no duty to defend Aquasol.

### B. Duty to Indemnify

"The above analysis precludes any discussion on the duty to indemnify. Where there is no duty to defend, there is no duty to indemnify." *Canopius,* 2013 WL 12095521 at *4. Because the duty to indemnify is narrower than the duty to defend, there can be no duty to indemnify if there is no duty to defend. *Id. See*

*also First Speciality Ins. Corp. v. Milton Const. Co.*, No. 12-20116, 2012 WL2912713, at *3 (S.D. Fla. July 16, 2012) (Scola, J.).

**IV.     Conclusion**

For the foregoing reasons, the Court **grants** Mt. Hawley's motion for summary judgment. (**ECF No. 29.**) The Clerk is directed to **close** this case. Any pending motion are denied as **moot**.

**Done and ordered**, at Miami, Florida, on July 25, 2019.

_____
Robert N. Scola, Jr.
United States District Judge